UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MV TRANSPORTATION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2398-B |
| | § | |
| FADI CHAKBAZOF, MARK ELIAS, and | § | |
| FIRST TRANSIT, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff MV Transportation, Inc.'s Emergency Motion to Remand (Doc. 16). MV Transportation (hereinafter "MV") argued first that this Court lacks subject matter jurisdiction because the amount in controversy is below jurisdictional limits. When this Court asked for supplemental briefing on jurisdiction, MV confirmed that one Defendant was also not diverse. Meanwhile, Defendants argued that this Defendant was improperly joined and that if the Court agreed, it could retain jurisdiction long enough to dismiss the case against all Defendants based on a lack of personal jurisdiction. Because the Court lacks subject matter jurisdiction, MV's Motion to Remand is **GRANTED**.

## I.

## BACKGROUND

This is a dispute between an employer, two former employees, and their new employer. Earlier this year, Defendants Mark Elias and Fadi Chakbazof left Plaintiff MV Transportation to work for a competitor, Defendant First Transit, Inc. Doc. 1-1, Orig. Pet., 1. In its state-court petition, MV

alleged that both companies directly compete for multi-million dollar public and private sector transportation projects. *Id.* ¶¶ 13–14; Doc. 1-1, Andrews Aff., ¶ 23; Doc. 1-1, Schultzman Aff., ¶¶ 9–10. MV asserted claims for: (1) breach of contract; (2) tortious interference with contracts; and (3) misappropriation of trade secrets. Orig. Pet., ¶¶ 40–59.

MV is incorporated in California, Doc. 22-1, Suppl. Filing, 2, with its principal place of business in Texas, Orig. Pet., ¶ 2. First Transit is incorporated in Delaware with its principal place of business in Cincinnati, Ohio. Doc 1, Notice of Removal, ¶ 15. Elias is a citizen of the state of Washington. *Id.* ¶ 14. Chakbazof is a citizen of California. *Id.* ¶ 16.

This case has involved a flurry of motions. First, Defendants removed the case from Texas state court, arguing that Chakbazof was improperly joined based on a lack of personal jurisdiction. *Id.* The next day, Defendants filed their Motion to Dismiss, arguing lack of personal jurisdiction over all defendants. Doc. 7, Mot. Dismiss, 1. The following day, MV moved for remand, first arguing that this Court lacks diversity jurisdiction because the amount in controversy is below jurisdictional limits. Doc. 16, Mot. Remand, 1. Only after this Court requested supplemental briefing did MV confirm that Chakbazof was not diverse. *See* Doc. 21, Order, 2; Suppl. Filing, 2. As the Motion for Remand is now ripe, the Court now addresses these issues.

## II.

## ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* For subject matter jurisdiction to be based on diversity, diversity of citizenship is essential. *See* 28 U.S.C. § 1332.

In addition, motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand." *Coffman v. Dole Fresh Fruit, Co.*, 927 F. Supp. 2d 427, 430–31 (E.D. Tex. 2013) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) and *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)).

However, when both a motion to remand based on lack of subject matter jurisdiction and a motion to dismiss for lack of personal jurisdiction have been filed, a court has discretion as to which to address first. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999) (overruling the Fifth Circuit in favor of granting district courts discretion as to whether to address subject matter or personal jurisdiction first). "[I]n cases removed from state court to federal court . . . [c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter." *Id.* at 578. This is because "[i]n most instances subject-matter jurisdiction will involve no arduous inquiry. In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587–88 (citations omitted). But a district court does not abuse its discretion by addressing "a straightforward personal jurisdiction issue presenting no complex question of state law" if "the alleged defect in subject-matter jurisdiction raises a difficult and novel question." *Id.* at 588. Thus, when "the sole basis offered for finding that [a defendant] was fraudulently joined is the claim that [the state court] lacks personal jurisdiction over him," many courts have chosen to resolve the subject matter question first. *E.g. Burks v. General Motors Corp.*, 297 F. Supp. 2d 889, 890–91 (N.D. Miss. 2003).

Here, the parties' citizenship is clear, and requires no arduous inquiry to resolve.[1] The parties admit that both Plaintiff MV and Defendant Chakbazof are California citizens. Therefore diversity is not satisfied, and this Court lacks subject matter jurisdiction over these claims. The parties' remaining arguments and pending motions need not be addressed because the inquiry into subject matter jurisdiction is straightforward and dispositive. As such, this case is hereby **REMANDED** for lack of subject matter jurisdiction.

III.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to the 298th Judicial District Court of Dallas County, Texas, with each party to bear its own costs. All pending motions are denied.

SO ORDERED.

SIGNED October 4, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Conversely, Defendants' argument that lack of personal jurisdiction can be grounds for dismissal of the nondiverse party under an improper joinder analysis would require the Court "to pierce the pleadings and conduct a summary inquiry." Defs.' Notice of Removal, ¶ 20 (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (describing the standard Defendants would have this Court apply).